**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO L. SAIZ,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>　　　　　　　Defendant. | CASE NO. ED CV 09-00079 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　　The Administrative Law Judge found that Plaintiff had two severe impairments — "essential tremor," and chronic back pain. [AR 10]  He further found, however, that Plaintiff retained the capacity to perform light work except occasional fine manipulation, and that Plaintiff needed to avoid concentrated exposure to vibration; and that, with this residual capacity, Plaintiff could perform his past relevant work as a security guard. [AR 11-13]  The Court must affirm this decision if substantial evidence supports it and the Administrative Law Judge applied the correct legal standard. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

　　　　　Plaintiff makes a single argument here:  that the Administrative Law Judge did not properly consider Plaintiff's subjective complaints and did not properly assess Plaintiff's credibility.  (Plaintiff's Memorandum in Support of Complaint 2:12 *et seq*.) Plaintiff does not really address the back problem, focusing instead on his tremors.  Here,

much of the argument is misdirected. Tremors are visible, and objectively verifiable; there is nothing "subjective" about them, as there is with other subjective symptoms of impairments — symptoms such as pain, as to which much of the case law concerning evaluating subjective assertions has arisen. *See, e.g., Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).

When Plaintiff asserts that the Administrative Law Judge did not evaluate his credibility properly, therefore, essentially this is an argument that the Administrative Law Judge did not have substantial evidence backing his decision. Plaintiff points to testimony he gave about how his tremors were disabling. The Administrative Law Judge noted, however, that Plaintiff takes medication, which he stated helped his tremors; that a consultative examination imposed little in the way of restrictions; that Plaintiff testified that he had had the tremors since he was 16, and the tremors had only gotten slightly worse over time; that the treating physician imposed no restrictions, which was inconsistent with the tremors' being disabling; and that Plaintiff left his last work not because of the tremors, but because his company lost their contract. [AR 12] This was substantial evidence in support of the Administrative Law Judge's decision. Plaintiff refers to his own testimony that he had trouble grasping things, but it was the province of the Administrative Law Judge to weigh the evidence and reach a conclusion. Even if the evidence might have been susceptible to a different interpretation, the Court still must uphold the decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

In accordance with the foregoing, the Commissioner's decision is affirmed.

DATED:  July 30, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE